THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MAURICE R. LEE, PLAINTIFF IN ERROR.

Submitted March 20, 1899—Decided June 12, 1899.

When, at the trial of an indictment, the time of the commission of the offence charged is definitely fixed and the defence is an *alibi,* it is error to permit a conviction on the theory that there may have been a mistake as to time on the part of the witnesses for the state.

On error to Cumberland Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff in error, *Samuel Iredell* and *Thomas W. Trenchard.*

For the state, *William A. Logue,* prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J. This writ of error removes a conviction for unlawfully dredging for oysters. The indictment charged that the offence was committed on February 25th, 1898. At the trial all the state's witnesses definitely fixed that day as the one on which, at a specified time, they saw the accused and an assistant dredging at the prohibited place. Their observation was from a distance, and its evidential force depended upon the identity of the accused and of his boat. In defence, testimony was given that, if believed, established for the accused a clear *alibi.* The state recalled no witnesses to show the possibility of a mistake in the day when the dredging was done, and the case was closed without further evidence. The trial judge, in his charge, fairly submitted to the jury the question of identity that was presented if the dredging seen by the state's witnesses was done on the day fixed by the proof; but called attention to the fact that the accused and his assistant, who were sworn as witnesses for the defence, failed to testify that they had never dredged at the place in question. He instructed the jury in substance that if the accused did not dredge there on the 25th of February, 1898, but did so on any other day within two years before the finding of the indictment, he could be convicted, on the theory that the state's witnesses were only mistaken as to the time of the commission of the offence.

This was a misdirection plainly prejudicial to the accused.

It is, of course, well settled that unless time is of the essence of the offence, the proof as to time need not conform to the charge, and need not be more definite than to be within a reasonable range, and to avoid any statute of limitation; but when a time or range of time is fixed in proof, the accused has a right to assume that he has nothing else to meet in that regard. He is not bound to surmise that the state's witnesses may have made a mistake as to time, and for that reason, at peril of having his silence used against him, deny committing the offence at any time. All that is requisite is that his *alibi* shall extend to the time included in the state's proof. 2 *Am. & Eng. Encycl. L.* 58.

The judgment must be reversed and a *venire de novo* awarded.